# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**June 14, 2022 16:16**

By: FRANK L. GALLUCCI 0072680

Confirmation Nbr. 2576223

| | |
|---|---|
| TIMOTHY BOYKO, ADMIN, ET AL. | CV 22 964720 |
| vs. | |
| EAGLES NEST OUTFITTERS, INC., ET AL. | **Judge:**  DAVID T. MATIA |

**Pages Filed:**  28

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **TIMOTHY A. BOYKO,** | ) | CASE NO.: |
| **ADMINISTRATOR OF THE ESTATE** | ) | |
| **OF SCOUT HEIDI SCARAVILLI** | ) | |
| 6300 Rockside Road, Suite 303 | ) | |
| Independence, Ohio 44131 | ) | JUDGE: |
| | ) | |
| -and- | ) | |
| | ) | |
| **TIMOTHY A. BOYKO,** | ) | **COMPLAINT** |
| **ADMINISTRATOR OF THE ESTATE** | ) | |
| **OF CHASEY HONOR SCARAVILLI** | ) | |
| 6300 Rockside Road, Suite 303 | ) | *(Jury Demand Endorsed Hereon)* |
| Independence, Ohio 44131 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| **JOSEPH J. SCARAVILLI** | ) | |
| **HEIDI F. SCARAVILLI** | ) | |
| 2755 Berkshire Rd. | ) | |
| Cleveland Heights, Ohio 44106 | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **EAGLES NEST OUTFITTERS, INC.** | ) | |
| 601 Sweeten Creek Industrial Park | ) | |
| Asheville, North Carolina 28803 | ) | |
| | ) | |
| **Also Serve:** | ) | |
| Eagles Nest Outfitters, Inc. | ) | |
| c/o Peter Pinholster, Jr., Reg. Agent | ) | |
| 601 Sweeten Creek Industrial Park | ) | |
| | ) | |
| | ) | |
| | ) | |

1

Asheville, North Carolina 28803 )
)
-and- )
)
**DICK'S SPORTING GOODS, INC.** )
d/b/a or a/k/a Field & Stream and/or )
DSG Direct )
345 Court Street )
Coraopolis, Pennsylvania 15108-3817 )
)
    <u>**Also Serve:**</u> )
    Dick's Sporting Goods, Inc. )
    d/b/a or a/k/a Field & Stream and/or )
    DSG Direct )
    1000 Cranberry Square Drive )
    Cranberry Township, PA 16066 )
)
-and- )
)
**FIELD & STREAM SUPPLY, INC.** )
P.O. Box 111 )
Reno, Pennsylvania 16343 )
)
-and- )
)
**CAMP PLANNER INTERNATIONAL** )
**CO., LTD.** )
#3 Building, Xigang Xinjie #206 Zhen Hua )
Road )
Hangzhou, Zhejiang 310030 )
China )
)
-and- )
)
**HUDSON D. FOWLER, IV** )
1550 Longwood Drive )
Mayfield Heights, Ohio 44124 )
)
       *Defendants.* )

2

NOW COMES Plaintiff, Timothy A. Boyko, Administrator of The Estate of Scout Heidi Scaravilli Deceased and The Estate of Chasey Honor Scaravilli Deceased and Joseph and Heidi Scaravilli, individually, and for their Complaint against Defendants state and allege as follows:

## THE PARTIES

1. At all times relevant herein, Scout Heidi Scaravilli, deceased (hereinafter referred to as "Decedent Scout") and Chasey Honor Scaravilli, deceased (hereinafter referred to as "Decedent Chasey") were minors and sisters who resided in Cleveland Heights, Cuyahoga County, Ohio.

2. Scout Heidi Scaravilli passed away on June 14, 2020, from injuries she suffered on June 14, 2020, and Chasey Honor Scaravilli passed away on June 15, 2020, from injuries she suffered on June 14, 2020.

3. Plaintiff Timothy A. Boyko was appointed as legal representative of the Estate of Scout Heidi Scaravilli, deceased, by the Cuyahoga County Probate Court on December 16, 2020, in case number 2020EST255935. A copy of the Letters of Authority is attached hereto. Plaintiff Timothy A. Boyko brings this action for wrongful death and survival in his official capacity as the Administrator of the Estate of Scout Heidi Scaravilli, a deceased minor.

4. Plaintiff Timothy A. Boyko was appointed as Administrator of the Estate of Chasey Honor Scaravilli, deceased, by the Cuyahoga County Probate Court on December 16, 2020, in case number 2020EST255934. A copy of the Letters of Authority is attached hereto. Plaintiff Timothy A. Boyko brings this action for wrongful death and survival in

3

his official capacity as the Administrator of the Estate of Chasey Honor Scaravilli, a deceased minor.

5. Timothy A. Boyko, brings this action in his official capacity as the lawfully appointed Administrator of both Estates asserting both survivorship claims in accordance with Ohio Revised Code §2305.21 for injuries and damages Scout and Chasey sustained and pain and suffering each experienced prior to their deaths as well as wrongful death claims as allowed by Chapter 2125 of the Ohio Revised Code for the benefit of their respective heirs at law and/or next of kin who have or claim to have suffered damages arising out of and as a result of the tragic and untimely deaths of Decedents Scout and Chasey (hereinafter collectively the "Decedents").

6. Plaintiffs Joseph J. Scaravilli and Heidi F. Scaravilli were the natural and residential parents of Decedents, who resided at all relevant times in Cuyahoga County, Ohio.

7. Defendant Eagles Nest Outfitters, Inc. (hereinafter "ENO") is a for-profit corporation organized and existing under the laws of North Carolina with its headquarters and principal place of business in Asheville, North Carolina.  ENO is engaged in the business of manufacturing, marketing, advertising, supplying and selling products, including hammocks, in the State of Ohio and elsewhere.

8. Defendant Dick's Sporting Goods, Inc., d/b/a or a/k/a Field & Stream and/or DSG Direct, (hereinafter "Dick's") is a for-profit corporation organized and existing under the laws of Pennsylvania with its headquarters and principal place of business in Coraopolis, Pennsylvania or in Cranberry Township, Pennsylvania.  Dick's is engaged in the business

4

of manufacturing, marketing, advertising, supplying and selling products, including hammocks in the State of Ohio and elsewhere.

9. Defendant Field & Stream Supply, Inc. (hereinafter "Field & Stream") is a for-profit corporation organized and existing under the laws of Pennsylvania with its headquarters and principal place of business in Reno, Pennsylvania.  Field & Stream is engaged in the business of manufacturing, marketing, advertising, supplying and selling products, including hammocks in the State of Ohio and elsewhere.

10. Upon information and belief, Defendant Camp Planner International Co., Ltd. (hereinafter "Camp Planner") is a for-profit corporation or other business entity organized and existing under the laws of the Zhejiang Province, China with its headquarters and principal place of business in the Zhejiang Province of China.  Camp Planner is engaged in the business of manufacturing, supplying and selling products, including hammocks in the State of Ohio and elsewhere.

11. Defendant Hudson D. Fowler, IV (hereinafter "Fowler") is a resident of Cuyahoga County, Ohio.

12. At all times relevant herein, each of the Defendants maintained a physical presence, contracted to supply goods and services, transacted business, or otherwise engaged in or directed activities in and towards Cuyahoga County and elsewhere in the State of Ohio.

## FACTS COMMON TO ALL CLAIMS

13. On and prior to June 14, 2020, Defendants ENO, Dick's, Field & Stream and Camp Planner manufactured hammocks which they marketed and sold to individuals in the State of Ohio, across the United States and abroad.

5

14. On and prior to June 14, 2020, Defendants ENO, Dick's, Field & Stream and Camp Planner knew or should have known of the grave dangers and serious risks of collapse from hanging their hammocks on unsafe structures, such as masonry structures, but they failed to warn and/or failed to adequately instruct users of those known dangers and ensure they avoided that hazard and unsafe condition.

15. Not only did Defendant ENO, Dick's, Field & Stream, and Camp Planner fail to communicate the serious risk of injury or death caused by hanging their hammocks on certain unsafe structures, including those constructed of masonry, and the serious risk of dangers caused by stacking hammocks, but ENO also engaged in an aggressive marketing campaign which promoted and actually encouraged the unsafe, and unwarned-against, use of its hammocks and waged a deceptive and dangerous marketing campaign encouraging users to affix hammocks in just such hazardous manners.  ENO's campaign – engaged in for the specific purpose of selling more hammocks – encouraged users to hang hammocks in an unsafe manner and to post them to a photo caption contest in order to win prizes.  Through the campaign, ENO disguised and misrepresented the suitable purposes and safety of its hammocks.

16. As a result of ENO's failures and its negligent and deceptive marketing, Scout Heidi Scaravilli and Chasey Honor Scaravilli, minor sisters, were tragically crushed and killed under the weight of a collapsed masonry structure, which could not support the weight of the subject hammocks.

17. The hammocks at issue here had been set up and attached to a masonry structure in accordance with all of the manufacturers' known instructions.

6

18. In this lawsuit, Plaintiffs sue Defendants ENO, Dick's, Field & Stream, and Camp Planner, jointly and severally, for all claims recognized and allowed under Ohio law including, without limitation, all claims under Ohio's Product Liability Act set forth in Ohio Revised Code § 2307.71 thru 2307.80, such as failure to warn or inadequate warning or instruction when the hammocks left their control, failure to warn or inadequate warning or instruction after the hammocks left their control.

19. On May 30, 2020, Plaintiff Joseph J. Scaravilli, Scout and Chasey's father, purchased from Defendant Dick's in Cuyahoga County, Ohio a new "Double Nest Hammock" manufactured, sold, supplied and/or marketed by ENO.  On that same date and place, Plaintiff Joseph J. Scaravilli also purchased a new "Field & Stream Double Hammock" manufactured, sold, supplied and/or marketed by Defendants Dick's, Field & Stream, and/or Camp Planner.

20. ENO, Dick's, Field & Stream, and/or Camp Planner provided no warnings or provided inadequate warnings accompanying these hammocks regarding foreseeable dangerous uses such as attaching them to masonry structures.

21. Prior to and as of May 30, 2022, ENO, Dick's, Field & Stream, and/or Camp Planner were aware and/or should have been aware of multiple prior significant injuries and deaths caused when identical or similar hammocks were hung from unstable trees and structures such as those constructed of masonry.  Some of those incidents include the following:

    a.  On March 15, 2009, J.P., a 14 year-old girl in Harvard, Massachusetts, died when the tree to which her hammock was attached fell on her.

7

b.  On October 27, 2009, T.B., a 3 year-old boy in Australia was in a hammock attached to a pillar made of clay masonry bricks and mortar. The pillar collapsed on the boy, killing him. This incident, and the investigation that followed was publicized in Australia. ENO has established a presence in Australia, through the development of its Australian website, www.enonation.com.au.

c.  On September 18, 2010, Mallori Kastner, an 18 year-old Indiana woman, died when the tree her hammock was attached to fell on top of her. Her boyfriend, 21 year-old Jeremy Mohr, was also in the hammock and suffered paralysis injury.

d.  On May 27, 2011, K.M., a 14 year-old Utah girl, was in a hammock attached to two brick columns when one of them collapsed on top of her. She was rendered a quadriplegic.



e.  On April 24, 2016, A.D., a 13 year-old Connecticut girl, died when a tree her hammock was attached to fell on her.

8

f. On May 14, 2016, P.S., a 13 year-old Iowa girl, died while lying in an ENO DoubleNest Hammock when the brick column to which it was attached fell on top of her.



g. On May 16, 2016, in Amherst, Massachusetts, a man was injured when his hammock was attached to a rooftop chimney, which collapsed on top of him.

h. On May 21, 2017, J.D., a 15 year-old Georgia girl, was killed when a tree her hammock was attached to fell on her.

i. On May 26, 2016, Elizabeth Gay Casey, an Arkansas woman, was killed when a tree her hammock was attached to fell on her.

j. On July 11, 2017, Erin Field suffered catastrophic and lifelong injuries in Boston, Massachusetts when a brick structure that an ENO hammock was attached to fell on her, crushing her and rendering her a quadriplegic.

9



22. Despite their actual and/or constructive knowledge of the foregoing catastrophic and dangerous incidents, particularly in connection with masonry structures, ENO, Dick's, Field & Stream, and Camp Planner have failed and/or refused to correct the dangerous misperception and widespread misconception shared by the overwhelming majority of consumers, product purchasers, and product users that hanging or attaching hammocks to masonry structures is safe and acceptable.

23. Despite their actual and/or constructive knowledge of the foregoing catastrophic injuries, deaths and dangers, ENO waged a digital media marketing campaign, through its website and social media platforms, intended to promote sales of ENO hammocks to the public with the perception that it was safe and permissible to attach them to all types of structures without concern for any dangers.

24. ENO's marketing campaign included a photo caption contest which encouraged individuals to share pictures of hammocks hanging in various places, including rooftops or other areas where there were no trees or other acceptably stable structures. This photo contest was

10

prominently displayed on the ENO website, and photo contest winners were rewarded with prizes monthly.

25. ENO also actively promoted its hammocks attached to potentially dangerous structures through photos posted on its social media platforms, including but not limited to ENO's Instagram and Twitter accounts.

26. Prior to May 30, 2020, ENO published several photos on its website and social media platforms which showed and promoted individuals using ENO hammocks in ways the purchasers and users believed were secured to safe and appropriate structures and trees when in fact ENO knew but failed to disclose and warn were actually unreasonably dangerous practices.

27. Examples of these photos include the following images, published by ENO in November 2016, and May 2017, respectively:



11



28. Although ENO's photo caption contest warned against hanging hammocks too high off the ground or stacking them, and forbid entry of photographs of such placements, it did not warn against or prohibit the product being hung from masonry structures, non-weight-bearing walls, or in other potentially hazardous manners.

29. Although ENO's photo caption contest directed users to review ENO's safety instructions, posted elsewhere on its website, the photos it published and/or received through the contest and on its social media accounts were inconsistent and contradictory to those guidelines, such as the following photo:

12



30. ENO failed to provide instructions that were adequate to communicate the risk and danger of hanging its hammocks on structures other than large healthy trees, such as brick columns and other masonry structures.

31. On or about June 8, 2020, Defendant Hudson D. Fowler IV ("Fowler") hung one of the subject hammocks between a tree and a large masonry structure on the Scaravilli property located at 2755 Berkshire Road, Cleveland Heights, Ohio.

32. Fowler hung the hammocks consistent with, and in accordance with all of the instructions available from the manufacturer, including any printed on or attached to the product.

33. But for the inadequate or missing warnings and instructions, Defendant Fowler would not have attached the hammock to a masonry column.

34. On or about 7:00 p.m. on June 14, 2020, as Decedents Scout and Chasey were laying in the hammocks when the masonry structure the hammocks were attached to gave way and

13

collapsed down on top of them, causing them to suffer serious traumatic injuries that ultimately led to their deaths.

35. Scout passed away approximately three (3) hours later on June 14, 2020, from her injuries. Chasey passed away approximately seven (7) hours later on June 15, 2020, from her injuries. Both girls left heirs at law and next of kin at the time of their deaths.

36. Scout and Chasey's deaths caused their heirs and next of kin to suffer injuries and damages as more fully described herein.

<u>**COUNT ONE**</u>
**(Manufacturer Liability Claims against Defendants ENO,
Dick's, Field & Stream and Camp Planner)**

37. Plaintiffs incorporate by reference all allegations contained in all other paragraphs and Counts as if fully rewritten herein.

38. At all times relevant herein, ENO, Dick's, Field & Stream, and Camp Planner each qualified as a "person," as that term is defined in R.C. 2307.71(A)(10), conducting business within the United States and particularly within the State of Ohio.

39. The subject hammocks each qualify as a "product" as that term is defined in R.C. 2307.71(A)(12).

40. ENO, Dick's, Field & Stream, and Camp Planner each qualify as a "manufacturer" of the hammocks as that term is defined R.C. 2307.71(A)(9) as they were engaged in a business to, among other things, design, formulate, produce, create, make, construct or assemble the hammocks or a component of the hammocks.

14

41. Alternatively, ENO, Dick's, and Field & Stream are subject to liability as if they were the manufacturer of the hammock for one or more of the reasons set forth in R.C. 2307.78(B)(1) through (B)(8), including but not limited to:

   a. the manufacturer of the hammock is not subject to judicial process in this state (R.C. 2307.78(B)(1));

   b. the Plaintiffs will be unable to enforce a judgment against the manufacturer of the hammock due to actual or asserted insolvency of the manufacturer (R.C. 2307.78(B)(2));

   c. ENO, Dick's, and Field & Stream marketed the hammocks under their own labels or trade names (R.C. 2307.78(B)(7)); and/or

   d. ENO, Dick's, and Field & Stream failed to respond timely and reasonably to a written request by or on behalf of Plaintiffs to disclose the name and address of the manufacturer(s) of the hammocks (R.C. 2307.78(B)(8)).

42. At all times relevant herein, the subject hammocks were being used in an intended and/or a reasonably foreseeable manner.

43. The aforementioned injuries and death of Scout and Chasey described herein were a direct and proximate result of one or more defects in or with the hammocks and their related and component parts that had been manufactured, supplied and/or sold by Defendants, including, without limitation:

   a. A defect due to inadequate warning or instruction concerning the hammocks as described in R.C. 2307.76(A)(1);

15

b.  A defect due to inadequate post-marketing warning or instruction concerning the hammocks as described in R.C. 2307.76(A)(2); and/or

c.  A defect in failing to conform to representations as described in R.C. 2307.77.

44. More specifically, without limitation, the hammocks were defective in their warnings and/or instructions because, without limitation and among other things, they failed to advise, instruct, and warn purchasers and users of the grave dangers of:

a.  attaching them to fixed points that are not suitable to withstand horizontal forces imposed by the hammocks;

b.  attaching them to certain items other than healthy, stable trees; and/or

c.  attaching them to non-weight bearing masonry structures.

45. Said defects existed at the time the hammocks left the control of ENO, Dick's, Field & Stream and Camp Planner and at the time they were being used by Scout and Chasey on June 14, 2020.

46. At the time the hammocks left the control of ENO, Dick's, Field & Stream and Camp Planner and/or at least prior to the June 14, 2020 fatal incident that is the subject of the within action, they knew or in the exercise of reasonable care should have known about the aforementioned grave risks and dangers, yet they failed to provide the warnings or instructions that a manufacturer exercising reasonable care would have provided concerning those grave risks and dangers, especially in light of the near certainty and seriousness of injury of those risks and dangers.

47. The aforementioned defects and risks were not obvious to, reasonably or readily discoverable by, or a matter of common knowledge amongst reasonable users, including

16

those involved in this fatal incident, and were not discovered or known by them prior to this catastrophe.

48. As a direct and proximate result of the aforementioned defective conditions of the hammocks, ENO, Dick's, Field & Stream and Camp Planner are strictly or otherwise liable for Plaintiffs' injuries, damages, harms, and losses as described herein under the Ohio Products Liability Act, R.C. 2307.71, *et seq.*

49. As a direct and proximate result of the aforementioned defective conditions of the hammocks, the use of the hammocks for their intended or reasonably foreseeable purposes by Scout and Chasey caused a masonry structure to give way, falling on and crushing them resulting in serious traumatic injuries that later caused their deaths.

50. As a direct and proximate result of the aforementioned defective conditions of the hammocks and the conduct of ENO, Dick's, Field & Stream and Camp Planner, Scout and Chasey suffered serious, debilitating, traumatic, and ultimately fatal physical and mental injuries and damages that led to their deaths. Prior to their deaths, these catastrophic injuries resulted in Scout and Chasey experiencing and suffering extreme physical, mental, and emotional trauma, pain, suffering, significant permanent disfigurement, discomfort, and/or disability up until the final moments of their lives; all of which ENO, Dick's, Field & Stream and Camp Planner are liable for.

51. As a direct and proximate result of the aforementioned defective conditions of the hammocks, Scout and Chasey suffered extreme conscious pain, mental anguish, shock and fright, trauma and extreme psychological agony prior to their deaths. Their suffering

17

included pre-death terror and the awareness that their demise was imminent; all of which ENO, Dick's, Field & Stream and Camp Planner are liable for.

52. As a direct and proximate result of the aforementioned defective conditions of the hammocks, Scout and Chasey suffered damage to their clothing and personal belongings; all of which ENO, Dick's, Field & Stream and Camp Planner are liable for.

53. As a direct and proximate result of the aforementioned defective conditions of the hammocks, Scout and Chasey suffered a loss in the enjoyment of their lives and in their ability to live free of pain, discomfort, and disability and sustained a loss of their ability to perform their usual functions including those involved with daily activities as well as those from which they derived pleasure and/or enjoyment; all of which ENO, Dick's, Field & Stream and Camp Planner are liable for.

54. As a direct and proximate result of the aforementioned defective conditions of the hammocks, Scout and Chasey's dependents, heirs, legatees and next of kin, have sustained damages recoverable under Ohio law, including but not limited to those set forth in Ohio Revised Code Section 2125.02, such as: severe mental anguish and trauma, emotional distress, loss of support from the reasonably expected earning capacity, loss of the services and society, including, without limitation, the loss of companionship, care, love, support, assistance, attention, protection, advice, guidance, life's enjoyment, counsel, which their survivors would have received had they individually or collectively lived their reasonably expected and anticipated natural life; all of which ENO, Dick's, Field & Stream and Camp Planner are liable for.

18

55. As a direct and proximate result of the aforementioned defective conditions of the hammocks, the Scout and Chasey's heirs at law, legatees and next of kin, in addition to all of the aforementioned damages, have also incurred other compensable losses and damages to be established at trial, including but not limited to medical, hospital, funeral and/or burial expenses.

56. As a further direct and proximate result of the aforementioned defective condition(s) of the hammocks, Plaintiffs incurred and will continue to incur economic loss as defined in R.C. 2307.71(A)(2) including, but not limited to, expenses, fees, and charges related to prosecuting this action.

57. Additionally, or alternatively, the hammocks did not conform to express and/or implied representations made by ENO, Dick's, Field & Stream and Camp Planner when they left their control, including, but not limited to:

    a. A representation that the hammocks were safe for their intended use, including the use for which they were being used by Scout and Chasey on June 14, 2020;

    b. A representation that the hammocks were safe for their intended use and for their reasonably foreseeable uses and reasonably foreseeable misuses; and/or

    c. A representation that the hammocks were merchantable and fit for the particular purpose for which they were being used by Scout and Chasey on June 14, 2020, as implied in R.C. 1302.27 and 1302.28 and otherwise arising under law.

58. The failure of the hammocks to conform to the aforementioned express and/or implied representations of ENO, Dick's, Field & Stream and Camp Planner was a direct and proximate cause of Plaintiffs' injuries, damages, harms, and losses as alleged and set forth

19

herein such that ENO, Dick's, Field & Stream and Camp Planner are strictly liable for those injuries and damages under R.C. 2307.77 and potentially other provisions of law.

59. Plaintiffs further believe and therefore state that the injuries, damages, harms and losses set forth in Count One are the result of misconduct on the part of ENO, Dick's, Field & Stream and/or Camp Planner that constitutes willful, wanton, intentional, deliberate, and malicious conduct, and/or manifests a conscious, reckless, or flagrant disregard for the rights and safety of purchasers and users, including Scout and Chasey, who might be harmed by the product, which had a great probability of causing substantial harm, thereby justifying the imposition of punitive damages, legal fees, and litigation expenses against ENO, Dick's, Field & Stream and Camp Planner.

60. The imposition of substantial punitive damages is justified in this case pursuant to R.C. 2307.80 based upon the following examples of misconduct by Defendants ENO, Dick's, Field & Stream and/or Camp Planner:

    a.  Multiple incidents of actual serious and/or fatal harm that would arise and has arisen from ENO, Dick's, Field & Stream, and Camp Planner failure to warn and instruct about the forementioned grave risks and serious dangers of attaching the hammocks to masonry structures when they knew about ongoing and prior fatal and/or traumatic incidents;

    b.  The extent of ENO, Dick's, Field & Stream, and Camp Planner's knowledge of these grave risks and serious dangers and the prior injuries and deaths they have caused;

c.  The profits ENO, Dick's, Field & Stream, and Camp Planner have received and continue to receive by not issuing additional warnings and instructions about these grave risks and dangers;

d.  The duration of time that ENO, Dick's, Field & Stream and Camp Planner have been aware of these grave risks and serious dangers but failed and/or refused to issue warnings and instructions to address them; and

e.  The attitude and conduct of ENO, Dick's, Field & Stream and Camp Planner upon the discovery of their failure and/or refusal to warn by continuously failing to develop, promulgate and issue additional warnings and instructions to eliminate the grave risks and serious dangers associated with use of the defective product.

## COUNT TWO
### (Supplier Liability Claims Against Defendants ENO, Dick's, Field & Stream and Camp Planner)

61. Plaintiffs incorporate by reference all allegations contained in all other paragraphs and Counts of this pleading as if fully rewritten herein.

62. Alternatively, if any one or more of Defendants ENO, Dick's, Field & Stream and Camp Planner do not qualify as a "manufacturer," as that term is defined in R.C. 2307.71(A)(9), of the subject hammocks , then such Defendants qualify as a "supplier" of the subject hammocks as that term is defined in R.C. 2307.71(A)(15)(a), because they sold, distributed, and/or prepared them or otherwise participated in placing them in the stream of commerce with the intention that the products would reach the State of Ohio and elsewhere in the United States.

21

63. As a direct and proximate result of the negligence and other tortious conduct committed by ENO, Dick's, Field & Stream and Camp Planner, Plaintiffs suffered the injuries, damages, harms, and losses as more fully described in Count One, for which ENO, Dick's, Field & Stream and Camp Planner are liable pursuant to R.C. 2307.78(A)(1).

64. Alternatively, Plaintiffs allege in accordance with R.C. 2307.78(A)(2) that ENO, Dick's, Field & Stream and Camp Planner supplied a product (the hammocks) that did not conform to their representations when it left their control, including, but not limited to:

   a. A representation that the hammocks were designed to be safe for its intended use, including the use for which it was being used by Scout and Chasey on June 14, 2020;

   b. A representation that the hammocks were safe for their intended use and for their reasonably foreseeable uses and reasonably foreseeable misuses; and/or

   c. A representation that the hammocks were merchantable and fit for the particular purpose for which they were being used by Scout and Chasey on June 14, 2020, as implied in R.C. 1302.27 and 1302.28 and otherwise arising under law.

65. The failure of the hammocks to conform to ENO, Dick's, Field & Stream and Camp Planner's aforesaid representations was a direct and proximate cause of Plaintiffs' injuries, damages, harms, and losses as alleged and set forth in more detail in Count One, such that ENO, Dick's, Field & Stream and Camp Planner are strictly or otherwise liable for those injuries and damages under R.C. 2307.78(A)(2).

Electronically Filed 06/14/2022 16:16 / / CV 22 964720 / Confirmation Nbr. 2576223 / CLLMD

66. Plaintiffs further believe, and therefore state, that ENO, Dick's, Field & Stream and Camp Planner may be held liable as manufacturers of the hammocks under one or more grounds set forth in R.C. 2307.78(B) as previously alleged.

67. Plaintiffs further believe and therefore state that the injuries, damages, harms and losses set forth in Count One are the result of misconduct on the part of ENO, Dick's, Field & Stream and/or Camp Planner that constitutes willful, wanton, intentional, deliberate, and malicious conduct, and/or manifests a conscious, reckless, or flagrant disregard for the rights and safety of purchasers and users, including Scout and Chasey, who might be harmed by the product, which had a great probability of causing substantial harm, thereby justifying the imposition of punitive damages, legal fees, and litigation expenses against ENO, Dick's, Field & Stream and Camp Planner.

68. The imposition of substantial punitive damages is justified in this case pursuant to R.C. 2307.80 based upon the following examples of misconduct by Defendants ENO, Dick's, Field & Stream and/or Camp Planner:

    a. Multiple incidents of actual serious and/or fatal harm that would arise and has arisen from ENO, Dick's, Field & Stream, and Camp Planner failure to warn and instruct about the forementioned grave risks and serious dangers of attaching the hammocks to masonry structures when they knew about ongoing and prior fatal and/or traumatic events;

    b. The extent of ENO, Dick's, Field & Stream, and Camp Planner were aware of these grave risks and serious dangers and the prior injuries and deaths they have caused;

23

c. The profits ENO, Dick's, Field & Stream, and Camp Planner have received and continue to receive by not warning and instructing about these grave risks and dangers;

d. The duration of time that ENO, Dick's, Field & Stream and Camp Planner have been aware of these grave risks and serious dangers but failed or refused to issue warnings and instructions to address them; and

e. The attitude and conduct of ENO, Dick's, Field & Stream and Camp Planner upon the discovery of their failure and/or refusal to warn by continuously failing to develop, promulgate and issue additional warnings to eliminate the grave risks and serious dangers associated with use of the defective product.

## COUNT THREE
### (Negligence Claim against Defendant Hudson D. Fowler IV)

69. Plaintiffs incorporate by reference all allegations contained in all other paragraphs and Counts of this pleading as if fully rewritten herein.

70. To the extent Defendant Fowler knew of the aforementioned prior incidents identified in Plaintiffs' complaint involving fatalities and/or traumatic injuries when Defendants' ENO, Dick's, Field & Stream and Camp Planner's hammocks were attached to masonry structures, he should not have installed the hammock at 2755 Berkshire Road, Cleveland Heights, Ohio.

71. To the extent this Court or trier of fact determines adequate warnings and instructions had been furnished with regard to the known risks posed by attaching hammocks to masonry structures, then Defendant Fowler negligently failed to comply with the duty of due care he owed while setting up the hammock at issue at the Scaravilli residence.

24

72. As a direct and proximate result of the negligence of Defendant Fowler, if any, Plaintiffs suffered and sustained the injuries, damages, harms and losses as alleged and set forth in more detail in Count One.

**CAUSE OF ACTION OF JOSEPH AND HEIDI SCARAVILLI, INDIVIDUALLY**
**(Loss of Consortium)**

73. Plaintiffs incorporate by reference all allegations contained in all other paragraphs and Counts of this pleading as if fully rewritten herein.

74. At all times mentioned herein, Plaintiffs Joseph and Heidi Scaravilli were the parents of Scout and Chasey Scaravilli, deceased, and as a result of the traumatic injuries their children suffered, they have been deprived of the aid, comfort, and support of their children from the time of the incident until the time of their deaths.

**PRAYER**

WHEREFORE, Plaintiffs demand judgment against Defendants ENO, Dick's, Field & Stream and Camp Planner, jointly and severally, for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), punitive damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus reasonable attorneys' fees, all litigation expenses, court costs, pre- and post-judgment interest, and any and all such further relief which this Court may deem just and proper. Plaintiffs further demand judgment against Defendant Fowler for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and for any and all such further relief which this Court may deem just and proper.

Electronically Filed 06/14/2022 16:16 / / CV 22 964720 / Confirmation Nbr. 2576223 / CLLMD

Respectfully submitted,

/s/ *Frank L. Gallucci III*
Frank L. Gallucci III (0072680)
David R. Grant (0065436)
**PLEVIN & GALLUCCI CO., L.P.A.**
55 Public Square - Suite 2222
Cleveland, Ohio 44113
T: (216) 861-0804   F: (216) 861-5322
Email:  fgallucci@pglawyer.com
dgrant@pglawyer.com

*Counsel for Plaintiff Timothy Boyko,*
*Administrator of the Estates of Scout*
*Scaravilli and Chasey Scaravilli*

Respectfully submitted,

/s/ *W. Craig Bashein*
W. Craig Bashein, Esq. (0034591)
**BASHEIN & BASHEIN CO., L.P.A.**
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113
T: (216) 771-3239   F: (216) 781-5876
Email: cbashein@basheinlaw.com

*Counsel for Plaintiffs Joseph J. Scaravilli*
*and Heidi Scaravilli*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues raised herein.

/s/ *Frank L. Gallucci III*
*Counsel for Plaintiff Timothy Boyko,*
*Administrator*

/s/ *W. Craig Bashein*
*Counsel for Plaintiffs Joseph J. Scaravilli*
*and Heidi Scaravilli*

26

## PROBATE COURT OF CUYAHOGA COUNTY, OHIO
ANTHONY J. RUSSO, PRESIDING JUDGE
LAURA J. GALLAGHER, JUDGE

ESTATE OF: **SCOUT HEIDI SCARAVILLI**   DECEASED

Case Number: **2020EST255935**

## ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY
(For Executors and all Administrators)

Name of Fiduciary: **TIMOTHY A. BOYKO**

On hearing in open court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that:

Decedent died **(check one of the following)**
☐   testate
☒   intestate

on **06/14/2020**, domiciled in **CLEVELAND HEIGHTS, OH  44106.**

**(Check one of the following)**
☐   Bond is dispensed with by the Will

☐   Bond is dispensed with by law

☒   Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust.

The court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate.  This entry of appointment constitutes the fiduciary's letters of authority.

**12/16/2020**
**Date appointed**

_____
**JUDGE LAURA J. GALLAGHER**

### CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court.  It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

(Seal)

**ANTHONY J. RUSSO, PRESIDING JUDGE**

_____
**Deputy Clerk**

**12/16/2020**
Issue Date

ES4-5 - ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

(07/01/1977)

**PROBATE COURT OF CUYAHOGA COUNTY, OHIO**
ANTHONY J. RUSSO, PRESIDING JUDGE
LAURA J. GALLAGHER, JUDGE

ESTATE OF: **CHASEY HONOR SCARAVILLI**   DECEASED

Case Number: **2020EST255934**

# ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY
(For Executors and all Administrators)

Name of Fiduciary: **TIMOTHY A. BOYKO**

On hearing in open court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that:

Decedent died **(check one of the following)**
- ☐   testate
- ☒   intestate

on **06/15/2020, domiciled in CLEVELAND HEIGHTS, OH  44106.**

**(Check one of the following)**
- ☐   Bond is dispensed with by the Will

- ☐   Bond is dispensed with by law

- ☒   Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust.

The court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate.  This entry of appointment constitutes the fiduciary's letters of authority.

**12/17/2020**
**Date appointed**

**JUDGE LAURA J. GALLAGHER**

### CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court.  It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

(Seal)

**ANTHONY J. RUSSO, PRESIDING JUDGE**

**Deputy Clerk**

**12/17/2020**
Issue Date

Electronically Filed 06/14/2022 16:16 / / CV 22 965120 / Confirmation Nbr. 2687620 / CLLMD
ES4-5 - ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

(07/01/1977)