IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY A. BOYKO, ADMINISTRATOR OF THE ESTATE OF SCOUT HEIDI SCARAVILLI, *et al.*, | ) ) ) | CASE NO. 1:22-cv-1322 |
| | ) ) | JUDGE DAN AARON POLSTER |
| Plaintiffs, | ) ) | MAG. JUDGE JONATHAN D. GREENBERG |
| v. | ) ) ) | **DEFENDANT EAGLES NEST OUTFITTERS, INC.'S ANSWER AND RESPONSE TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM AGAINST THE PARENTS, JOSEPH J. SCARAVILLI AND HEIDI FOWLER SCARAVILLI ONLY** |
| EAGLES NEST OUTFITTERS, INC., *et al.*, | ) ) ) | |
| Defendants, | ) ) ) | |
| v. | ) ) | **(Jury Demand Endorsed Hereon)** |
| JOSEPH J. AND HEIDI FOWLER SCARAVILLI, | ) ) ) | |
| Counterclaim Defendants. | ) ) | |

Defendant Eagles Nest Outfitters, Inc. (Defendant or ENO), provides the following for its Answer and Response to Plaintiffs' Complaint (This Complaint) as well as its Counterclaim against only the Parents Joseph J. Scaravilli and Heidi Fowler Scaravilli (collectively, the Parents). As referenced herein, ENO attaches true and accurate copies of the lawsuit filed by Plaintiff Estates of Scout and Chasey Scaravilli (Estates) against the Parents in the Cuyahoga County Court of Common Pleas, Case Number 2292348 (First Lawsuit, Exhibit A), the Parents' Answer to the Estates' Complaint admitting, without reservation, to all allegations in the First Lawsuit (Parents' Admissions, Exhibit B), the October 13, 2021 confirmation by the Parents that they admit to their liability and admit all allegations in the First Lawsuit (Response, Exhibit C) and the October 15,

2021 Journal Entry from the First Lawsuit rendering judgment against the Parents and in favor of the Estates on the issue of liability (Journal Entry, Exhibit D).

<u>**ANSWER AND RESPONSE TO THIS COMPLAINT**</u>

1. Paragraph 1 This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated therein.

2. Paragraph 2 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated therein.

3. Paragraph 3 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 of This Complaint inasmuch as they pertain to it.

4. Paragraph 4 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4 of This Complaint inasmuch as they pertain to it.

5. Paragraph 5 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of This Complaint inasmuch as they pertain to it.

6. Paragraph 6 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies, for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated therein.

7. Defendant denies the allegations in Paragraph 7 of This Complaint, except admits that ENO is organized under the laws of North Carolina, with its principal place of business in Asheville, North Carolina.

8.      Paragraph 8 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies, for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated in Paragraph 8 of This Complaint, except admits that DICK'S Sporting Goods, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Coraopolis, Pennsylvania.

9.      Paragraph 9 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated in Paragraph 9 of This Complaint, except admits that Field & Stream Supply, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Reno, Pennsylvania.

10.      Paragraph 10 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies, for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated in Paragraph 10 of This Complaint, except admits that Camp Planner International is a Chinese company with its headquarters and principal place of business in the Zhejiang Province of China.

11.      Paragraph 11 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies, for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated therein. ENO also notes that the address listed in the caption of This Complaint assigned to Defendant Hudson D. Fowler, IV is 1550 Longwood Drive, Mayfield Heights, Ohio 44124 and that this address is conspicuously omitted from Paragraph 11 of This Complaint. Upon information and

belief, Hudson D. Fowler, IV does not reside at 1550 Longwood Drive in Mayfield Heights, Ohio 44124, and that listing this address is improper.

12.     Defendant denies the allegations contained in Paragraph 12 of This Complaint inasmuch as they pertain to it.

13.     Defendant denies the allegations contained in Paragraph 13 of This Complaint inasmuch as they pertain to it.

14.     Defendant denies the allegations contained in Paragraph 14 of This Complaint inasmuch as they pertain to it.

15.     Defendant denies the allegations contained in Paragraph 15 of This Complaint inasmuch as they pertain to it.

16.     Defendant denies the allegations contained in Paragraph 16 of This Complaint and further states that the Parents admit in the First Lawsuit that, due to the manner in which they installed or caused the hammocks to be installed, not even the most careful and prudent invitee was likely to be able to use the hammocks without serious risk of injury or death. (Ex. A, First Lawsuit ¶¶ 12-13; Ex. B, Parents' Admissions.)

17.     Defendant denies the allegations contained in Paragraph 17 of This Complaint.

18.     Paragraph 18 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of This Complaint inasmuch as they pertain to it.

19.     Defendant denies the allegations contained in Paragraph 19 of This Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated therein, inasmuch as they pertain to it.

20.     Defendant denies the allegations contained in Paragraph 20 of This Complaint inasmuch as they pertain to it.

21.     Defendant denies the allegations contained in Paragraph 21 of This Complaint, including subparts a. – j., inasmuch as they pertain to it, and specifically denies the incidents described in subparts a. – i. occurred and/or that any such incidents involved an ENO hammock.

22.     Defendant denies the allegations contained in Paragraph 22 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that prior to the injuries and deaths described in This Complaint, the condition of the property located at 2755 Berkshire Road, Cleveland Heights, Ohio 44106 was unsafe, hazardous, and dangerous for Scout and/or Chasey Scaravilli. (Ex. A, First Lawsuit ¶ 15; Ex. B, Parents' Admissions.)

23.     Defendant denies the allegations contained in Paragraph 23 of This Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of This Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of This Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of This Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of This Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of This Complaint and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, they caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

29.     Defendant denies the allegations contained in Paragraph 29 of This Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of This Complaint.

31.     Paragraph 31 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies, for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated therein and further states that the Parents admit in the First Lawsuit they installed or caused to be installed multiple hammocks at 2755 Berkshire Road, Cleveland Heights, Ohio 44106 (Ex. A, First Lawsuit ¶ 12; Ex. B, Parents' Admissions), and they also admit that due to the manner in which they installed or caused the hammocks to be installed, not even Scout and Chasey Scaravilli were likely to be able to use the hammocks without serious risk of injury or death. (Ex. A, First Lawsuit ¶ 13; Ex. B, Parents' Admissions.) ENO further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

32.     Paragraph 32 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

33.     Defendant denies the allegations contained in Paragraph 33 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused

the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

34.     Paragraph 34 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies, for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated therein, inasmuch as the allegations pertain to it.

35.     Paragraph 35 of This Complaint contains no allegations directed to ENO and therefore no response is required. To the extent a response is required, Defendant denies, for lack of knowledge or information sufficient to form a belief as to the truth of the matters stated therein. inasmuch as the allegations pertain to it,

36.     Defendant denies the allegations contained in Paragraph 36 of This Complaint inasmuch as they pertain to it.

37.     For its answer to Paragraph 37 of This Complaint, Defendant reasserts and incorporates, as though fully rewritten herein, its answers and responses to the preceding paragraphs.

38.     Defendant denies the allegations contained in Paragraph 38 of This Complaint inasmuch as they pertain to it.

39.     Defendant denies the allegations contained in Paragraph 39 of This Complaint inasmuch as they pertain to it.

40.     Defendant denies the allegations contained in Paragraph 40 of This Complaint inasmuch as they pertain to it.

41.     Defendant denies the allegations contained in Paragraph 41 of This Complaint, including subparts a. – d., inasmuch as they pertain to it.

42.     Defendant denies the allegations contained in Paragraph 42 of This Complaint inasmuch as they pertain to it.

43.     Defendant denies the allegations contained in Paragraph 43 of This Complaint, including subparts a. – c., inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that they were negligent and breached one or more duties they assumed or owed to Scout and/or Chasey Scaravilli. (Ex. A, First Lawsuit ¶ 20; Ex. B, Parents' Admissions.) ENO further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

44.     Defendant denies the allegations contained in Paragraph 44 of This Complaint, including subparts a. – c., inasmuch as they pertain to it.

45.     Defendant denies the allegations contained in Paragraph 45 of This Complaint inasmuch as they pertain to it.

46.     Defendant denies the allegations contained in Paragraph 46 of This Complaint inasmuch as they pertain to it.

47.     Defendant denies the allegations contained in Paragraph 47 of This Complaint inasmuch as they pertain to it.

48.     Defendant denies the allegations contained in Paragraph 48 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

49.     Defendant denies the allegations contained in Paragraph 49 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

50.     Defendant denies the allegations contained in Paragraph 50 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

51.     Defendant denies the allegations contained in Paragraph 51 of This Complaint inasmuch as they pertain to it.

52.     Defendant denies the allegations contained in Paragraph 52 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

53.     Defendant denies the allegations contained in Paragraph 53 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

54.     Defendant denies the allegations contained in Paragraph 54 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

55.     Defendant denies the allegations contained in Paragraph 55 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

56.     Defendant denies the allegations contained in Paragraph 56 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

57.     Defendant denies the allegations contained in Paragraph 57 of This Complaint, including subparts a. – c., inasmuch as they pertain to it.

58.     Defendant denies the allegations contained in Paragraph 58 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

59. Defendant denies the allegations contained in Paragraph 59 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

60. Defendant denies the allegations contained in Paragraph 60 of This Complaint, including subparts a. – e., inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

61. For its answer to Paragraph 61 of This Complaint, Defendant reasserts and incorporates, as though fully rewritten herein, its answers to the preceding paragraphs.

62. Defendant denies the allegations contained in Paragraph 62 of This Complaint inasmuch as they pertain to it.

63. Defendant denies the allegations contained in Paragraph 63 of This Complaint inasmuch as they pertain to it.

64. Defendant denies the allegations contained in Paragraph 64 of This Complaint, including subparts a. – c., inasmuch as they pertain to it.

65. Defendant denies the allegations contained in Paragraph 65 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

66.     Defendant denies the allegations contained in Paragraph 66 of This Complaint inasmuch as they pertain to it.

67.     Defendant denies the allegations contained in Paragraph 67 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that they were negligent and breached one or more duties they assumed or owed to Scout and/or Chasey Scaravilli. (Ex. A, First Lawsuit ¶ 20; Ex. B, Parents' Admissions.) ENO further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

68.     Defendant denies the allegations contained in Paragraph 68 of This Complaint, including subparts a. – e., inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that they were negligent and breached one or more duties they assumed or owed to Scout and/or Chasey Scaravilli. (Ex. A, First Lawsuit ¶ 20; Ex. B, Parents' Admissions.) ENO further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

### ANSWER AND RESPONSE TO PARAGRAPHS RELATING TO DEFENDANT HUDSON D. FOWLER, IV

69.     For its answer to Paragraph 69 of This Complaint, Defendant reasserts and incorporates, as though fully rewritten herein, its answers to the preceding paragraphs.

70.     Defendant denies the allegations contained in Paragraph 70 of This Complaint inasmuch as they pertain to it.

71.     Defendant denies the allegations contained in Paragraph 71 of This Complaint inasmuch as they pertain to it.

72.     Defendant denies the allegations contained in Paragraph 72 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

73.     For its answer to Paragraph 73 of This Complaint, Defendant reasserts and incorporates, as though fully rewritten herein, its answers to the preceding paragraphs.

74.     Defendant denies the allegations contained in Paragraph 74 of This Complaint inasmuch as they pertain to it and further states that the Parents admit in the First Lawsuit that, as a direct and proximate result of their negligence and material breach of duties, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths. (Ex. A, First Lawsuit ¶ 21; Ex. B, Parents' Admissions.)

75.     Any remaining allegations in This Complaint not specifically admitted or denied elsewhere in this Answer are denied, for want of knowledge, because they are not true, or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

76.     One or more of Plaintiffs' claims fail to state a claim upon which relief can be granted against Defendant.

**SECOND DEFENSE**

77.     This Complaint should be dismissed due to insufficiency of process and/or insufficiency of service of process as to Co-Defendant Camp Planner International Co., Ltd. and/or Field & Stream Supply, Inc.

**THIRD DEFENSE**

78.     Plaintiffs fail to join one or more necessary or indispensable parties pursuant to Civil Rule 19.

**FOURTH DEFENSE**

79.     One or more of Plaintiffs' claims are barred by the doctrines of res judicata, claim preclusion, and/or offensive collateral estoppel.

**FIFTH DEFENSE**

80.     One or more of Plaintiffs' claims are barred by the applicable statutes of limitation and/or statutes of repose.

**SIXTH DEFENSE**

81.     One or more Plaintiffs willingly, knowingly, and/or voluntarily assumed the risk of the alleged injuries and damages for which relief is sought in this matter, and Plaintiffs' claims, together and/or individually, are barred, in whole or in part, by the doctrine of express and/or implied assumption of the risk, including but not limited to Ohio Rev. Code § 2307.711.

**SEVENTH DEFENSE**

82.     Plaintiffs' claims, together and/or individually, are barred, in whole or in part, by the applicable comparative negligence statutes and laws. One or more Plaintiffs failed to exercise ordinary care for their own safety and well-being, and/or failed to exercise ordinary care, supervision, protection, and/or control for the safety and well-being of Scout and/or Chasey

14

Scaravilli, and such failure proximately and directly caused and/or contributed to the alleged injuries and damages.

## EIGHTH DEFENSE

83.     There is no causal relationship between Defendant's conduct and the injuries and damages alleged in This Complaint.

## NINTH DEFENSE

84.     One or more of the Plaintiffs lack the capacity or standing to sue. One or more of the Plaintiffs is not the real party in interest to pursue one or more of the claims alleged.

## TENTH DEFENSE

85.     Although specifically and vigorously denying the allegations concerning liability, injury, and damages, to the extent that Plaintiffs' allegations are sustained, the alleged injuries and damages were the result of intervening and/or superseding acts or omissions of others, including the Parents, over whom this Defendant had neither control nor the right of control.

## ELEVENTH DEFENSE

86.     Defendant is entitled to a set-off/credit/apportionment for any settlement of claims for alleged injuries, and/or payments made to any Plaintiff, or third party made on behalf of any Plaintiff, by any other defendant, entity, or persons, including but not limited to a reduction in damages based on collateral sources, and/or a write-off of medical bills.

## TWELFTH DEFENSE

87.     Plaintiffs' claims are barred in whole or in part by Plaintiffs, either together and/or individually, because any use of any product for which ENO might bear some legal liability was unreasonable and not reasonably foreseeable to Defendant, and for a purpose for which the product or products at issue was not intended, manufactured or designed.

**THIRTEENTH DEFENSE**

88.     Plaintiffs, together and/or individually, had complete and exclusive control over the environment in which the incident occurred, and had exclusive control over any safety measures utilized or not utilized, thus barring and/or reducing any claim against this Defendant.

**FOURTEENTH DEFENSE**

89.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, together and/or individually, were "sophisticated users/learned intermediaries" of any product for which Plaintiffs claim ENO bears any legal liability.

**FIFTEENTH DEFENSE**

90.     At all times and places mentioned in This Complaint, Plaintiffs, together and/or individually, failed to make reasonable efforts to mitigate their injuries and damages, if any.

**SIXTEENTH DEFENSE**

91.     Recovery of Plaintiffs, together and/or individually, is barred by the doctrine of unclean hands, fraud and/or illegality.

**SEVENTEENTH DEFENSE**

92.     No acts or omissions of this Defendant can be established to a reasonable degree of probability to be the cause of the alleged injuries and damages.

**EIGHTEENTH DEFENSE**

93.     Plaintiffs' claim for joint and several liability against some, but not all of the Defendants, is in violation of the Apportionment of Liability Act, Ohio Rev. Code § 2307.22 *et seq.*; this Defendant's liability is several and is limited to its own actionable segment of fault, which fault is vigorously denied. To the extent joint and several liability applies, it applies to Co-Defendant Fowler, the Parents, and perhaps, unknown persons and/or entities as well.

**NINETEENTH DEFENSE**

94.     Plaintiffs' claims for exemplary or punitive damages are a violation of the due process of law clause and the equal protection of the laws clause of the Fourteenth Amendment to the United States Constitution, are a violation of the due course of law clause of Article 1, Section 16 of the Ohio Constitution, are a violation of the prohibition against excessive fines contained in Article I, Section 9 of the Ohio Constitution, and are a violation of the prohibition of ex post facto laws and laws impairing the obligation of contracts contained within Section 10, H 1 of Article I of the United States Constitution.

**TWENTIETH DEFENSE**

95.     Plaintiffs' claim for punitive damages must be bifurcated from any liability trial.

**TWENTY-FIRST DEFENSE**

96.     As to ENO, to the extent Plaintiffs' claim for punitive damages is sustained, any such claim is subject to the small employer caps in accordance with Ohio Rev. Code §2315.21.

**TWENTY-SECOND DEFENSE**

97.     Plaintiffs' claims are preempted in whole or in part by federal and/or state statutes and/or regulations.

**TWENTY-THIRD DEFENSE**

98.     Defendant hereby gives notice of its intent to assert that one or more entities, whether sued or not sued, is or are responsible for the alleged injuries and damages, if any, and should be included in determining the percentages of tortious conduct, if any, that proximately caused the alleged injuries and damages.

## TWENTY-FOURTH DEFENSE

99.     Defendant hereby gives notice of its intent to include parties on the verdict form against whom the Plaintiffs have not sought relief, to allow the trier of fact to apportion liability to such parties.

## TWENTY-FIFTH DEFENSE

100.    To the extent This Complaint asserts common law claims, such claims are abrogated because they are premised upon product liability theories which are preempted by Ohio's Product Liability Act.

## TWENTY-SIXTH DEFENSE

101.    Plaintiffs' claims against this Defendant are barred by accord and satisfaction, arbitration and award, collateral estoppel, estoppel, laches, payment, release, waiver, and any other doctrine or principle constituting an affirmative defense.

## TWENTY-SEVENTH DEFENSE

102.    Plaintiffs' claims against this Defendant are barred by the doctrines of comparative and/or contributory negligence.

## TWENTY-EIGHTH DEFENSE

103.    To the extent ENO owed any duty or duties to Plaintiffs, together and/or individually, Defendant did not breach any such duty.

## TWENTY-NINTH DEFENSE

104.    This Defendant made no representations or warranties to Plaintiffs, together and/or individually.

## THIRTIETH DEFENSE

105.    Plaintiffs, together and/or individually, did not rely on any representation or warranties made by this Defendant.

**THIRTY-FIRST DEFENSE**

106.     This Defendant adopts and incorporates by reference defenses asserted by any other Defendant to the extent applicable to it and to the extent they inure to the benefit of this responding Defendant.

**THIRTY-SECOND DEFENSE**

107.     This Defendant reserves the right to add additional defenses as they become known or available.

WHEREFORE, having fully answered, Defendant Eagles Nest Outfitters, Inc. demands that Plaintiffs' Complaint and any cross-claims against it be dismissed and that it recover its costs and be granted such other relief to which it may be entitled.

**COUNTERCLAIM AGAINST THE PARENTS
JOSEPH J. AND HEIDI FOWLER SCARAVILLI**

Defendant ENO counterclaims and alleges the following against Plaintiffs Joseph J. Scaravilli and Heidi Fowler Scaravilli (collectively, Parents):

1.     ENO hereby incorporates by reference the factual assertions contained in Defendant's Answer and Responses and its Affirmative Defenses as if fully rewritten herein.

2.     A true and correct copy of the First Lawsuit filed by Plaintiff Estates of Scout and Chasey Scaravilli (Estates) against the Parents in the Cuyahoga County Court of Common Pleas, Case Number 2292348 is attached as Ex. A.

3.     A true and correct copy of the Parents' Answer to the Estates' Complaint admitting, without reservation, all allegations in the First Lawsuit is attached as Ex. B.

4.     A true and correct copy of the Parents' October 13, 2021 Response to the Estates' Motion for Judgment on the Pleadings from the First Lawsuit is attached as Ex. C.

5.      A true and correct copy of the October 15, 2021 Journal Entry from the First Lawsuit rendering judgment against the Parents and in favor of the Estates on the issue of liability is attached as Ex. D.

6.      The Parents installed, or caused to be installed, multiple hammocks at 2755 Berkshire Road, Cleveland Heights, Ohio 44106 (the Property).

7.      Due to the manner in which the hammocks were installed, not even the most careful and prudent person was likely to be able to use the hammocks without serious risk of injury or death.

8.      Prior to the injuries and damages alleged in This Complaint, the Parents had notice of an unsafe, hazardous, and dangerous condition and the extreme danger and hazard posed to Scout and/or Chasey Scaravilli.

9.      The Parents were at all times responsible for the maintenance, inspection, repair, and control of the Property, and for ensuring as far as reasonably possible that Scout and/or Chasey Scaravilli were not unnecessarily exposed to harm.

10.     The Parents assumed and/or owed various duties to Scout and/or Chasey Scaravilli, including without limitation:

1.      A duty of ordinary care for their safety;

2.      A duty to keep and maintain the Property, structures, and recreational apparatus on it in a reasonably safe condition;

3.      A duty to inspect for and make repairs and improvements necessary to prevent, remove, and protect against unsafe and dangerous conditions on the Property;

4.      A duty to use reasonable care to provide notice and warning to Scout and/or Chasey Scaravilli of any latent or hidden dangers of the Property of which the Parents knew or should have discovered through the exercise of reasonable care; and

     5.     A duty to undertake every other precaution reasonably necessary to protect the life, health, safety, and welfare of Scout and/or Chasey Scaravilli.

11.     The foregoing duties of the Parents were particularly elevated due to the young age of Scout and/or Chasey Scaravilli.

12.     The foregoing duties of the Parents were also particularly elevated due to the parent-child relationship between the Parents and Scout and/or Chasey Scaravilli.

13.     The Parents were negligent and breached one or more of the duties they assumed or owed to Scout and/or Chasey Scaravilli by, among other things:

     1.     Failing to use ordinary care for Scout and/or Chasey Scaravilli's safety;

     2.     Failing to keep and maintain the Property, structures, and recreation apparatus on it in a reasonably safe condition;

     3.     Failing to provide Scout and/or Chasey Scaravilli with properly installed recreational apparatus;

     4.     Failing to inspect for and perform repairs and improvements necessary to prevent, remove, and protect against unsafe and dangerous conditions on the Property;

     5.     Failing to use reasonable care to provide notice and warning to Scout and/or Chasey Scaravilli of any latent or hidden dangers on the Property of which the Parents should have discovered through proper diligence;

     6.     Unnecessarily and unreasonably exposing Scout and/or Chasey Scaravilli to dangers, including but not limited to, those which they may not notice, see, or appreciate; and

     7.     Failing to undertake every other precaution reasonably necessary to protect the life, health, safety, and welfare of Scout and/or Chasey Scaravilli.

14.     The Parents were negligent and breached one or more of the duties they assumed or owed to Scout and/or Chasey Scaravilli by failing to provide them with hammocks that were properly and safely installed.

15.     The Parents were negligent and breached one or more of the duties they assumed or owed to Scout and/or Chasey Scaravilli by failing to ensure that the hammocks were installed

using suitable stable living/healthy trees or anchor points that could safely support the hammocks and their occupants.

16.     As a direct and proximate cause of the Parents' negligence and material breach of duties the Parents owed to Scout and/or Chasey Scaravilli, the Parents caused the masonry fence post to give way, falling on and crushing Scout and/or Chasey Scaravilli and causing their deaths.

17.     Scout and/or Chasey Scaravilli's deaths and the damages alleged in This Complaint would not have occurred if the Parents had exercised ordinary care and fully complied with the aforementioned duties imposed upon them as owners and occupiers of the Property.

18.     The Parents are liable for all damages alleged in This Complaint, because all such damages were directly and proximately caused by their negligence and breach of duties owed to Scout and/or Chasey Scaravilli, including damages set forth in Ohio Rev. Code § 2152.02, such as alleged: severe mental anguish and trauma, emotional distress, loss of support from the reasonably expected earning capacity, loss of the services and society, including the loss of companionship, care, love, support, assistance, attention, protection, advice, guidance, life's enjoyment, counsel, and prospective inheritance, as well as other compensable losses and damages including funeral and/or burial expenses.

19.     The Parents admitted they are liable for the injuries and deaths of Scout and Chasey Scaravilli.

20.     In the First Lawsuit, the Parents were found liable by the Cuyahoga County Court of Common Pleas for the injuries and deaths of Scout and Chasey Scaravilli as described in This Complaint.

21.     In the First Lawsuit, on September 13, 2021, the Estates filed a Motion for Judgment on the Pleadings on the issue of liability.

22.     On October 13, 2021, the Parents confirmed the fact that they admit their liability to the Estates and admit all allegations in the First Lawsuit.

23.      On October 15, 2021, the court granted the Estates' Motion for Judgment on the Pleadings, and rendered judgment against the Parents and in favor of the Estates of Scout and Chasey Scaravilli on the issue of liability.

24.     The Parents made, admitted to, or were found liable for each of the foregoing allegations.

WHEREFORE, ENO asserts that the Parents are liable for the alleged injuries and damages, and/or are jointly and severally liable for the alleged injuries and damages and/or liable over to ENO for contribution, together with costs, attorneys' fees, and such other relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ Laura Kingsley Hong*
Laura Kingsley Hong (0033147)
C. Ashley Saferight (0098990)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:     216.592.5000
Direct:          216.696.3143
Facsimile:      216.592.5009
Email:          laura.hong@tuckerellis.com
                ashley.saferight@tuckerellis.com

*Attorneys for Defendant*
*Eagles Nest Outfitters, Inc.*

## JURY DEMAND

Defendant Eagles Nest Outfitters, Inc. hereby demands a trial by jury, made up of the maximum allowable number of jurors, for all facts and issues in this action, including Plaintiffs' Complaint and Defendant ENO's Counterclaim.

*/s/ Laura Kingsley Hong*
Laura Kingsley Hong (0033147)
C. Ashley Saferight (0098990)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:     216.592.5000
Direct:           216.696.3143
Facsimile:      216.592.5009
Email:           laura.hong@tuckerellis.com
                    ashley.saferight@tuckerellis.com

*Attorneys for Defendant*
*Eagles Nest Outfitters, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing *Defendant Eagles Nest Outfitters, Inc.'s Answer and Response to Plaintiffs' Complaint and Counterclaim Against the Parents, Joseph J. Scaravilli and Heidi Fowler Scaravilli Only* was filed electronically on July 29, 2022.  The parties were served by USPS First-Class Mail on July 29, 2022 as follows:

Frank L. Gallucci III
David R. Grant
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square—Suite 2222
Cleveland, OH  44113
*Attorneys for Plaintiff Timothy Boyko, Administrator of the Estates of Scout Scaravilli and Chasey Scaravilli*

W. Craig Bashein
BASHEIN & BASHEIN CO., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH  44113
*Attorneys for Plaintiffs Joseph J. Scaravilli and Heidi Scaravilli*

Brooke L. Hamilton
BURNS WHITE LLC
US Bank Centre
1350 Euclid Avenue—Suite 1060
Cleveland, OH  44115
*Attorneys for Defendant Dicks Sporting Goods, Inc.*

Brian S. Kane
Robert J. Behling
BURNS WHITE LLC
48 26th Street
Pittsburgh, PA  15222
*Attorneys for Defendant Dicks Sporting Goods, Inc.*

Field & Stream Supply, Inc.
P.O. Box 111
Reno, PA  16343
*Defendant*

Camp Planner International Co., Ltd.
#3 Building, Xigang Xinjie #206 Zhen Hua Road
Hangzhou, Zhejiang 310030
China
*Defendant*

Hudson D. Fowler, IV
1550 Longwood Drive
Mayfield Heights, OH  44124

*and also served at*:

510 Battles Road
Gates Mills, OH  44040
*Defendant*

/s/ Laura Kingsley Hong
*One of the Attorneys for Defendant*
*Eagles Nest Outfitters, Inc.*

26