IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY BOYKO, ADMINITRATOR OF THE ESTATE OF SCOUT HEIDI SCARAVILLI, et al.,** ) ) ) | **CASE NO. 1:22-CV-1322** |
| ) | **JUDGE DAN AARON POLSTER** |
| ) | **MAG. JONATHAN D. GREENBURG** |
| **Plaintiffs,** ) | |
| ) | **DEFENDANT DICK'S SPORTING** |
| **v.** ) | **GOODS, INC.'S ANSWER TO** |
| ) | **PLAINTIFFS' COMPLAINT AND** |
| **EAGLES NEST OUTFITTERS, INC., et al.** ) ) | **CROSS-CLAIM AGAINST DEFENDANTS CAMP PLANNER** |
| ) | **INTERNATIONAL CO., LTD. AND** |
| **Defendants.** ) | **EAGLES NEST OUTFITTERS, INC.** |

AND NOW comes the Defendant, Dick's Sporting Goods, Inc. (hereinafter, "Dick's"), by and through it attorneys, Burns White LLC, and files the following Answer and Affirmative Defenses to Plaintiffs' Complaint, averring as follows:

**ANSWER AND AFFIRMATIVE DEFENSES**

1. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiffs' Complaint; therefore, same are denied.

2. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiffs' Complaint; therefore, same are denied.

3. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiffs' Complaint; therefore, same are denied. The document referred to in this paragraph speaks for itself.

4. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiffs' Complaint; therefore, same are denied. The document referred to in this paragraph speaks for itself.

5. The allegations of paragraph 5 of Plaintiffs' Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of paragraph 5 of Plaintiffs' Complaint are denied.

6. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiffs' Complaint; therefore, same are denied.

7. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiffs' Complaint; therefore, same are denied.

8. Paragraph 8 of Plaintiffs' Complaint is denied as stated. Defendant is a Delaware corporation with a principal place of business in Pennsylvania. Dick's does business as Field & Stream.

9. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiffs' Complaint; therefore, same are denied. Field & Stream Supply, Inc. is not affiliated with Dick's and appears to be a separate corporate entity.

10. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiffs' Complaint; therefore, same are denied.

11. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiffs' Complaint; therefore, same are denied.

12. The allegations of paragraph 12 of Plaintiffs' Complaint are admitted as to Dick's.

## FACTS COMMON TO ALL CLAIMS

13. The allegations of paragraph 13 of Plaintiffs' Complaint are denied.

14. The allegations of paragraph 14 of Plaintiffs' Complaint are denied.

15. The allegations of paragraph 15 of Plaintiffs' Complaint directed to Dick's are denied. Dick's lacks knowledge or information to form a belief as to the truth or falsity of the allegations directed to the co-defendants.

16. The allegations of paragraph 16 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 16 of Plaintiffs' Complaint are denied.

17. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiffs' Complaint; therefore, same are denied.

18. The allegations of paragraph 18 of Plaintiffs' Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of paragraph 18 of Plaintiffs' Complaint are denied.

19. Upon information and belief, the allegations of paragraph 19 of Plaintiffs' Complaint are admitted.

20. The allegations of paragraph 20 of Plaintiffs' Complaint are denied.

21. The allegations of paragraph 21, including all subparts, of Plaintiffs' Complaint are denied.

22. The allegations of paragraph 22 of Plaintiffs' Complaint directed to Dick's are denied.

23. The allegations of paragraph 23 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 23 of Plaintiffs' Complaint are denied.

24. The allegations of paragraph 24 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 24 of Plaintiffs' Complaint are denied.

25. The allegations of paragraph 25 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 25 of Plaintiffs' Complaint are denied.

26. The allegations of paragraph 26 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 26 of Plaintiffs' Complaint are denied.

27. The allegations of paragraph 27 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 27 of Plaintiffs' Complaint are denied.

28. The allegations of paragraph 28 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 28 of Plaintiffs' Complaint are denied.

29. The allegations of paragraph 29 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 29 of Plaintiffs' Complaint are denied.

30. The allegations of paragraph 30 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 30 of Plaintiffs' Complaint are denied.

31. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of Plaintiffs' Complaint; therefore, same are denied.

32. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiffs' Complaint; therefore, same are denied.

33. The allegations of paragraph 33 of Plaintiffs' Complaint are denied.

34. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of Plaintiffs' Complaint; therefore, same are denied.

35. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of Plaintiffs' Complaint; therefore, same are denied.

36. After reasonable investigation, Dick's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of Plaintiffs' Complaint; therefore, same are denied.

**COUNT ONE**
**(Manufacturer Liability Claims against Defendants**
**ENO, Dick's, Field & Stream and Camp Planner)**

37. Dick's incorporates by reference all averments contained in all other paragraphs as if fully rewritten herein.

38. The allegations of paragraph 38 of Plaintiffs' Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of paragraph 38 of Plaintiffs' Complaint are denied.

39. The allegations of paragraph 39 of Plaintiffs' Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of paragraph 39 of Plaintiffs' Complaint are denied.

40. The allegations of paragraph 40 of Plaintiffs' Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of paragraph 40 of Plaintiffs' Complaint are denied.

41. The allegations of paragraph 41, including all subparts, of Plaintiffs' Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of paragraph 41, including all subparts, of Plaintiffs' Complaint are denied.

42. The allegations of paragraph 42 of Plaintiffs' Complaint are denied.

43. The allegations of paragraph 43, including all subparts, of Plaintiffs' Complaint are denied.

44. The allegations of paragraph 44, including all subparts, of Plaintiffs' Complaint are denied.

45. The allegations of paragraph 45 of Plaintiffs' Complaint are denied.

46. The allegations of paragraph 46 of Plaintiffs' Complaint are denied.

47. The allegations of paragraph 47 of Plaintiffs' Complaint are denied.

48. The allegations of paragraph 48 of Plaintiffs' Complaint are denied.

49. The allegations of paragraph 49 of Plaintiffs' Complaint are denied.

50. The allegations of paragraph 50 of Plaintiffs' Complaint are denied.

51. The allegations of paragraph 51 of Plaintiffs' Complaint are denied.

52. The allegations of paragraph 52 of Plaintiffs' Complaint are denied.

53. The allegations of paragraph 53 of Plaintiffs' Complaint are denied.

54. The allegations of paragraph 54 of Plaintiffs' Complaint are denied.

55. The allegations of paragraph 55 of Plaintiffs' Complaint are denied.

56. The allegations of paragraph 56 of Plaintiffs' Complaint are denied.

57. The allegations of paragraph 57, including all subparts, of Plaintiffs' Complaint are denied.

58. The allegations of paragraph 58 of Plaintiffs' Complaint are denied.

59. The allegations of paragraph 59 of Plaintiffs' Complaint are denied.

60. The allegations of paragraph 60, including all subparts, of Plaintiffs' Complaint are denied.

## COUNT TWO
**(Supplier Liability Claims Against Defendants ENO, Dick's, Field & Stream and Camp Planner)**

61. Dick's incorporates by reference all averments contained in all other paragraphs as if fully rewritten herein.

62. The allegations of paragraph 62 of Plaintiffs' Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of paragraph 62 of Plaintiffs' Complaint are denied.

63. The allegations of paragraph 63 of Plaintiffs' Complaint are denied.

64. The allegations of paragraph 64, including all subparts, of Plaintiffs' Complaint are denied.

65. The allegations of paragraph 65 of Plaintiffs' Complaint are denied.

66. The allegations of paragraph 66 of Plaintiffs' Complaint are denied.

67. The allegations of paragraph 67 of Plaintiffs' Complaint are denied.

68. The allegations of paragraph 68, including all subparts, of Plaintiffs' Complaint are denied.

## COUNT THREE
### (Negligence Claim against Defendant Hudson D. Fowler IV)

69. Dick's incorporates by reference all averments contained in all other paragraphs as if fully rewritten herein.

70. The allegations of paragraph 70 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 70 of Plaintiffs' Complaint are denied.

71. The allegations of paragraph 71 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 71 of Plaintiffs' Complaint are denied.

72. The allegations of paragraph 72 are not directed to this Defendant, therefore a responsive pleading is not required. To the extent a responsive pleading is required, the allegations of paragraph 72 of Plaintiffs' Complaint are denied.

## CAUSE OF ACTION OF JOSEPH AND HEIDI SCARAVILLI, INDIVIDUALLY
### (Loss of Consortium)

73. Dick's incorporates by reference all averments contained in all other paragraphs as if fully rewritten herein.

74. The allegations of paragraph 74 of Plaintiffs' Complaint are denied.

75. Any allegation not specifically admitted above is denied.

76. A jury trial is demanded on all counts.

77. Dick's denies Plaintiffs' prayer for relief in the "WHEREFORE" paragraph following paragraph 74 of Plaintiffs' Complaint.

WHEREFORE, Defendant Dick's Sporting Goods, Inc. denies liability to any party under any theory and respectfully requests judgment in its favor.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims may be barred or reduced by the applicable statute of limitations.

3. To the extent supporting facts are revealed during discovery, Plaintiffs and/or Plaintiffs' Decedents may have been contributorily and/or comparatively negligent such as to preclude Plaintiffs from recovery in whole or reduce in proportion to Plaintiffs' and/or Plaintiffs' Decedents negligence or fault.

4. Dick's asserts the defense of primary, implied, and expressed assumption of the risk.

5. Dick's cannot be liable for an amount greater than that apportioned according to its degree or percentage of negligence or fault.

6. To the extent supporting facts are revealed during discovery, any alleged injuries and/or damages sustained by Plaintiffs may have been the result, in whole or in part, of Plaintiffs' and/or Plaintiffs' Decedent's own negligence.

7. Plaintiffs' damages, if any, are caused by action of third parties not within control of Dick's.

8. Plaintiffs' damages, if any, are caused by intervening and superseding causes not within the control of Dick's.

9. Dick's acted in a reasonable, prudent and non-negligent manner at all times secure and relevant hereto.

10. Dick's did not change, alter, or modify the hammock described in Plaintiffs' Complaint.

11. Dick's did not manufacture the hammock described in Plaintiffs' Complaint.

12. If it is determined that Dick's was negligent in any respect (which is expressly denied) then in that event such alleged negligence was not the factual cause and/or legal proximate cause of the alleged injuries and damages, if any, sustained by Plaintiffs' and/or Plaintiffs' Decedents.

13. Plaintiffs' claims may be barred to the extent that Plaintiffs and/or Plaintiffs' Decedents misused, abused, altered and/or failed to use the equipment, product or products in the manner in which they were intended to be used, and/or used the product or products contrary to any instructions and/or warnings accompanying those products, and/or used them in a manner that was abnormal and not reasonably foreseeable, and such misuse proximately caused or contributed to Plaintiffs' alleged damages, injuries, and/or losses, if any.

14. Dick's did not cause or contribute to any alleged defective condition of the hammock.

15. Dick's did not have notice of any alleged defective condition of the hammock prior to the subject incident.

16. Plaintiffs claims may be barred by spoliation of evidence.

17. To extent established in discovery, Plaintiffs' claims may be barred by their own careless, reckless, and negligent conduct.

18. To the extent supporting facts are revealed during discovery, Plaintiffs' claims may be barred by their failure to mitigate damages.

19. Dick's is entitled to an apportionment of any damages.

20. Dick's is entitled to pursue a claim for indemnification and/or contribution from any other party.

21. To the extent supporting facts are revealed during discovery, Plaintiffs may have been fully compensated for their damages and any recovery against Dick's would result in a windfall or double recovery for the same injury.

22. Plaintiffs' claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Ohio law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate Defendant's due process rights under the United States and Ohio Constitutions.

23. Plaintiffs' claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damage award under Ohio law, and because Ohio law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate Defendant's due process rights under the United States and Ohio Constitutions.

24. Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Ohio law without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, and XIV to the United States Constitution under related provisions of the Ohio Constitution.

25. Plaintiffs' claim for punitive damages cannot be sustained because an award under Ohio law without proof of every element by clear and convincing evidence would violate Defendant's rights under the due process clauses of the United States and Ohio Constitutions.

26. Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Ohio law without bifurcating the trial as to all punitive damages issues would violate Defendant's due process rights under the United States and Ohio Constitutions.

27. Plaintiffs' claim for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect Defendant against multiple punishments for the same alleged wrong in future cases. Therefore, any award of punitive damages would violate Defendant's due process rights under the United States and Ohio Constitutions.

28. Dick's adopts and incorporates by reference defenses asserted and raised by any other Defendant to the extent applicable to it and to the extent they inure to the benefit of this Defendant.

29. Dick's hereby pleads its right to set forth and plead additional affirmative defenses that may be determined through, made known, or obtained with further investigation and/or discovery.

**WHEREFORE**, having fully answered, Defendant, Dick's Sporting Goods, prays that this Court: (a) dismiss Plaintiffs' Complaint with prejudice; (b) enter judgment in favor of Defendant on Plaintiffs' Complaint; (c) award Defendant costs and attorney fees; and (d) award all such other relief as this Court deems necessary.

## CROSS-CLAIM AGAINST DEFENDANTS CAMP PLANNER INTERNATIONAL CO., LTD. AND EAGLES NEST OUTFITTERS, INC.

Defendant Dick's Sporting Goods, Inc. ("Dick's") hereby asserts a cross-claim and states as follows:

1. Defendant/Cross-Claimant Dick's states that it has been sued in the within action by Plaintiffs Timothy Boyko, Administrator of the Estates of Scout Scaravilli and Chasey Scaravilli (collectively, the "Children") and Plaintiffs Joseph Scaravilli and Heidi Scaravilli (collectively, the "Parents").

2. Defendants/Cross-Claim Defendants, Camp Planner International Co., Ltd. and Eagles Nest Outfitters, Inc., are also defendants in this action.

## COUNT I

3. Dick's and Defendant/Cross-Claim Defendant Camp Planner International Co., Ltd. ("Camp Planner") are parties to a vendor agreement under which Camp Planner is required to defend, indemnify, and hold harmless Dick's for any and all injuries and damages arising from the equipment of Camp Planner. Attached hereto as Exhibit "A" is the Vendor's Agreement, signed by Camp Planner on August 7, 2014.

4. Dick's and Defendant/Cross-Claim Defendant Eagles Nest Outfitters, Inc. ("ENO") are parties to a vendor agreement under which ENO is required to defend, indemnify, and hold harmless Dick's for any and all injuries arising from the equipment of ENO. Attached hereto as Exhibit "B" is the Vendor's Agreement, signed by ENO on December 6, 2013. The effective date of the Agreement is January 1, 2014.

5. Pursuant to the Vendor's Agreement, Dick's is to be listed as an additional insured under the policy of insurance issued to ENO at the time of the alleged injuries suffered by Plaintiffs. The Certificate of Liability Insurance naming Dick's as an additional insured, dated December 13, 2019, is attached hereto as Exhibit "C".

6. Dick's is entitled to be indemnified and defended by the Cross-Claim Defendants, Camp Planner and ENO, as to any cost, verdict or judgment which may be rendered by Plaintiffs herein against Dick's.

7. In the alternative, Dick's is entitled to contribution from Cross-Claim Defendants, Camp Planner and ENO, as a joint tortfeasor liable to Plaintiffs pursuant to the Ohio Revised Code.

8. Any negligence attributed to Dick's, which is specifically denied, is secondary and passive to the acts and primary negligence of Cross-Claim Defendants Camp Planner and ENO.

9. Any judgment entered against Dick's is the result of the negligence of Cross-Claim Defendants Camp Planner and ENO.

**COUNT II**

10. Dick's realleges the allegations in the preceding paragraphs as if fully restated herein.

11. Pursuant to the Vendors Agreements, Cross-Claim Defendants Camp Planner and ENO assumed certain obligations and responsibilities with regard to the products they manufactured and supplied.

12. Cross-Claim Defendants, Camp Planner and ENO, are contractually obligated to indemnify Dick's with regarding to Plaintiffs' claims against Dick's, including, without limitation, attorney fees and costs.

**COUNT III**

13. Dick's realleges the allegations in the preceding paragraphs as if fully restated herein.

14. ENO, pursuant to the Vendor's Agreement, is contractually obligated to name Dick's as an additional insured on its insurance policy relative to the claims such as those alleged by Plaintiffs herein.

15. To date, no insurance carrier for either of the Cross-Claim Defendants has agreed to provide the insurance coverage and/or indemnify Dick's as required by the Vendor's Agreements.

16. Because Cross-Claim Defendants Camp Planner and ENO have failed to provide defense and/or indemnity to Dick's, Cross-Claim Defendants have breached their contractual obligations.

17. ENO is required, pursuant to the Certificate of Liability Insurance, to provide the required insurance coverage to Dick's as if it were the insurer. (See Exhibit C.)

18. Cross-Claim Defendants Camp Planner and ENO have no justification or other defense to breaching the agreements in the Vendor Agreements by their refusal to indemnify and defend Dick's.

WHEREFORE, Defendant/Cross-Claimant, Dick's Sporting Goods, Inc., prays that this Court grant judgments of indemnity and/or contribution in its favor against Defendants/Cross-Claim Defendants Camp Planner International Co., Ltd. and Eagles Nest Outfitters, Inc. for all judgments and that Defendant/Cross-Claimant may recover its attorney fees and costs.

Respectfully submitted,

*/s/ Brooke L. Hamilton*
**BROOKE L. HAMILTON (0095650)**
**BURNS WHITE LLC**
US Bank Centre
1350 Euclid Avenue, Suite 1060
Cleveland, Ohio 44115
Phone: (216) 920-3090/Fax: (216) 274-6394
E-mail: blhamilton@burnswhite.com

*And*

*/s/ Brian S. Kane*
**BRIAN S. KANE (*pro hac motion forthcoming*)**
**ROBERT J. BEHLING (*pro hac motion forthcoming*)**
**BURNS WHITE LLC**
48 26TH Street
Pittsburgh, PA 15222
Phone: (412) 995-3000/Fax: (412) 995-3300
Email: bskane@burnswhite.com
          rjbehling@burnswhite.com
***Attorneys for Defendant Dicks Sporting Goods, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 24, 2022**, a true and correct copy of the foregoing has been filed through the ECF system and will be electronically served on all counsel of record who are registered participants.

Respectfully submitted,

*/s/ Brooke L. Hamilton*
**BROOKE L. HAMILTON (0095650)**
**BURNS WHITE LLC**
US Bank Centre
1350 Euclid Avenue, Suite 1060
Cleveland, Ohio 44115
Phone: (216) 920-3090/Fax: (216) 274-6394
E-mail: blhamilton@burnswhite.com

*And*

*/s/ Brian S. Kane*
**BRIAN S. KANE (*pro hac motion forthcoming*)**
**ROBERT J. BEHLING (*pro hac motion forthcoming*)**
**BURNS WHITE LLC**
48 26TH Street
Pittsburgh, PA 15222
Phone: (412) 995-3000/Fax: (412) 995-3300
Email: bskane@burnswhite.com
   rjbehling@burnswhite.com
***Attorneys for Defendant Dicks Sporting Goods, Inc.***