IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BOYKO, ADMINISTRATOR OF THE ESTATE OF SCOUT HEIDI SCARAVILLA, et al., | Case No. 1:22-cv-1322 |
| Plaintiffs, | JUDGE DAN AARON POLSTER |
| v. | |
| | **ORDER OF REMAND** |
| EAGLES NEST OUTFITTERS, INC., et al., | |
| Defendants. | |

### Background

Before the Court is the plaintiffs' motion for remand and request for legal fees and expenses. ECF Doc. 9. This case arises from the death of two minor sisters. ECF Doc. 1-2, p. 5. On June 14, 2020, the sisters were lying in their backyard hammock when the masonry column that it was attached to collapsed and killed them. *Id*. at pp. 5, 8. Approximately one year before initiating the present claim, the plaintiffs litigated a related wrongful death suit in the Cuyahoga County Court of Common Pleas. ECF Doc. 1, p. 2; ECF Doc. 1-3.

### Procedural History

In the prior lawsuit, the estate of the deceased sisters sued the sisters' parents. On July 2, 2021, Timothy A. Boyko, in his capacity as Administrator of the Estate of Scout Heidi Scaravilli, *et al.*, filed a negligence and breach of duty complaint in the Cuyahoga County Court of Common Pleas against the parents, Joseph J. Scaravilli and Heidi F. Scaravilli. ECF Docs. 1, p. 2; 1-3; 4-10. On October 15, 2021, the Court of Common Pleas granted Mr. Boyko's unopposed

1

Motion for Judgment on the Pleadings. ECF Doc. 4-10, p. 4. Notably, Mr. and Mrs. Scaravilli admitted without reservation to the complaint's allegations, waived their right to a jury trial, and—on the issue of damages—called no witnesses and testified on behalf of the plaintiff. ECF Docs. 1-4, p. 3; 4-10, p. 4. On February 17, 2022, the Court of Common Pleas entered a judgment of $42 million against Mr. and Mrs. Scaravilli. *Id.* at p. 5.

In the present case, Mr. Boyko, in his capacity as Administrator of the Estate of Scout Heidi Scaravilli, *et al.*, and Mr. and Mrs. Scaravilli are co-plaintiffs. ECF Doc. 1-2. The defendants are four corporate entities—who allegedly manufactured, supplied, or distributed defective hammocks—and one individual defendant. ECF Doc. 1-2. On June 14, 2022, the plaintiffs filed this product liability suit in the Cuyahoga County Court of Common Pleas. *Id.* On July 26, 2022, one of the defendants, Eagles Nest Outfitters, Inc. ("Eagles Nest"), removed the state law action to this Court. ECF Doc. 1. On August 25, 2022, the plaintiffs filed a motion for remand, legal fees, and expenses. ECF Doc. 9. On September 8, 2022, the Court ordered the plaintiffs to identify the individual defendant's specific actions or inactions that allegedly caused harm and the names of the beneficiaries of the deceased sisters' estates. ECF Non-Doc. Order, 9/8/22. On September 15, 2022, the plaintiffs filed a reply brief in support of their motion for remand and answered the Court's questions. ECF Doc. 14.

## Standard of Review

The plaintiffs seek to remand this action for lack of diversity jurisdiction under 28 U.S.C. § 1332. ECF Doc. 9, p. 4. At issue is whether the plaintiffs fraudulently joined a non-diverse defendant to defeat diversity jurisdiction.

Fraudulent joinder "is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493

(6th Cir. 1999). The relevant inquiry is whether there is "a colorable basis for predicting that a plaintiff may recover against non-diverse defendants." *Id*. The analysis centers on "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954-55 (6th Cir. 2011) (applying the same reasonable basis test in fraudulent joinder analysis).

If there is a colorable basis, this Court must remand the action to state court. *Coyne*, 183 F.3d at 493. The colorable basis standard is "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citing *Walker*, 443 F. App'x at 952-54). Additionally, the Court will resolve all doubts as to the propriety of removal in favor of remand. *Coyne*, 183 F.3d at 493 (citing *Alexander*, 13 F.3d at 949.) It is immaterial to this Court's analysis why the non-moving party joined the non-diverse defendant. *Walker*, 443 Fed. App'x 946, 951 (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). Finally, the removing party bears the burden of establishing fraudulent joinder. *Alexander*, 13 F.3d at 948-49.

## Analysis

It is undisputed that the plaintiffs reside in Independence and Cleveland Heights, Ohio. ECF Docs. 1, p. 1; 1-2, pp. 5-6. Similarly, it is undisputed that all four defendants' corporate headquarters and principal places of business are located outside Ohio. ECF Docs. 1, p. 4;1-2, pp. 6, 7. As to the individual defendant, Hudson D. Fowler IV, both sides agree that he resides in Cuyahoga County. ECF Docs. 1, p. 7; 1-2, p. 7. Mr. Fowler is the brother of the co-plaintiff, Mrs. Scaravilla, and was the uncle to the two deceased sisters. ECF Doc. 1, p. 3.

Eagles Nest asserts that the inclusion of the non-diverse Mr. Fowler reflects the plaintiffs' strategy to evade federal diversity jurisdiction and amounts to fraudulent joinder. ECF Doc. 1, p. 2. Specifically, Eagles Nest points to the plaintiffs' complaint's "vague equivocations" and the absence of "any specific factual allegations" against Mr. Fowler as evidence that the plaintiffs do not intend to pursue a judgment against him. ECF Doc. 12, pp. 1, 6. In the alternative, should the Court find sufficient facts to support a colorable claim against Mr. Fowler, Eagles Nest asks the Court to sever and remand any claim against him to state court pursuant to Fed. R. Civ. P. 21. *Id.* at 11, 12.

Count Three of the plaintiffs' complaint is a negligence claim against Mr. Fowler. ECF Doc. 1-2, p. 26. The plaintiffs allege that Mr. Fowler assembled and attached the hammock to the masonry column, which ultimately collapsed and killed the two young girls. ECF Doc. 1-2, pp. 15-16, 24-25. The plaintiffs responded to the Court's September 8, 2022, non-document order and alleged new facts pertaining to Count Three. Specifically, the plaintiffs allege that Mr. Fowler caused harm by "(1) selecting the location for installation of the hammock, and (2) installing one or more hammocks." ECF Doc. 14, p. 5. While the plaintiffs' factual allegations against Mr. Fowler are sparse, they form a common law negligence claim. *See Snay v. Burr*, 167 Ohio St. 3d 123, 2021-Ohio-4113, 189 N.E.3d 758, at ¶ 13 ("To prove actionable negligence, a plaintiff must establish (1) the existence of a legal duty owed to the injured party, (2) the defendant's breach of that duty, and (3) that an injury proximately resulted from the defendant's breach of duty"). The finder of fact could reasonably find that Mr. Fowler owed a duty of care to the young sisters while assembling the hammock; he was deficient or negligent in selecting the location, installing the hammock, or deviating from the instruction manual; and, therefore, he breached his duty of care which proximately caused the girls' death. Count Three sufficiently

alleges a common law negligence claim under Ohio law. Therefore, a colorable basis against Mr. Fowler exists. There is a reasonable basis for predicting that Ohio state law might impose liability on Mr. Fowler on the facts alleged. Accordingly, Eagles Nest has failed to establish fraudulent joinder.

As for Eagles Nest's alternative request, a court should consider the following five factors when deciding whether to sever a claim against a party.

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). In this case, the plaintiffs' claim against Mr. Fowler arises from the same occurrence as their claims against the company defendants and concerns the same questions of law and fact. Severing the claim against Mr. Fowler would not facilitate judicial economy. In fact, it would cause a state court to concurrently adjudicate nearly identical claims as this Court. Accordingly, this Court denies Eagles Nest's request to sever the plaintiffs' claim against Mr. Fowler.

Lastly, the plaintiffs request reasonable attorney's fees and expenses pursuant to 28 U.S.C. § 1447(c). ECF Doc. 9, p. 13. The award of attorney's fees under 28 U.S.C. § 1447(c) is in the Court's discretion. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 132. Although Eagles Nest's fraudulent joinder argument is unsuccessful, it was not unreasonable considering the plaintiffs' sparce pleading in Count Three and the prior related litigation in the Cuyahoga County Court of Common Pleas. In fact, on September 8, 2022, the Court ordered the

plaintiffs to clarify Mr. Fowler's actions or inactions giving rise to the negligence claim, and to identify the beneficiaries of the sisters' estates. The plaintiffs responded by alleging new facts relevant to Count Three and identified the estate beneficiaries. ECF Doc. 14, p. 5. Additionally, there is no evidence that Eagles Nest removed this case in bad faith or intended to delay litigation or to impose costs on the plaintiffs. Accordingly, the Court exercises its discretion and denies the plaintiffs' request for attorney's fees and expenses.

## Conclusion

The Court directs the Clerk of Court to REMAND this case to the Cuyahoga County Court of Common Pleas from where it was removed. The Court DENIES the plaintiffs' request for attorney's fees and litigation expenses.

**IT IS SO ORDERED.**

Dated: September 26, 2022                                                      *s/Dan Aaron Polster*

United States District Judge